UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LeROY TAYLOR, III,                                :          Case No.:_____
AGNES LAMBERT and                                 :
KAYTIE SMITH, individually and on                 :
behalf of all others similarly situated,          :          **COMPLAINT AND**
as Class/Collective representatives,              :          **JURY DEMAND**
                                                  :
         Plaintiffs,                              :
                                                  :
                    v.                            :
                                                  :
JPMORGAN CHASE & CO. and                          :
JPMORGAN CHASE BANK, N.A.                         :
                                                  :
         Defendants.                              :
-------------------------------------------------------X

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs LeRoy Taylor, III ("Taylor"), Agnes Lambert ("Lambert") and Kaytie Smith ("Smith") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys Shavitz Law Group, P.A., allege as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as Assistant Branch Managers or in comparable roles with different titles ("ABMs") for JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A. (collectively, "Defendants") anywhere in the United States.

2. JPMORGAN CHASE & CO. ("JPMC") is a worldwide holding company serving its customers under its various divisions and/or brands and with more than $2.4 trillion in total assets. JPMC has over 260,000 employees in more than 60 countries.

3. JPMORGAN CHASE BANK, N.A. ("Chase") is the U.S. commercial and consumer banking division/brand of JPMC. There are over 5,500 Chase banking branches across the United States.

4. Defendants staff their branches leanly to minimize labor costs, and strictly manage hours worked by non-exempt, hourly tellers and personal bankers to avoid paying them overtime. To compensate, Defendants rely heavily on their salaried ABMs to staff the branches when there are not enough hourly employees to properly do so. Because of Defendants' banking hours and lean staffing model, ABMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

5. Although they are labeled "managers," ABMs are not responsible for true management functions. To the contrary, ABMs spend the vast majority of their time as "floaters," performing the same duties as non-exempt, hourly tellers and personal bankers. ABMs' primary duties, which occupy the majority of their time, are: providing customer service; working the teller line; selling bank products and services; and completing routine tasks, such as transmitting computer-generated reports, counting money in tellers' drawers, ATMs, and the bank vault.

6. The primary duties of ABMs do not fall within any of the exemptions under federal or state overtime laws.

7. The primary duties of the ABM position do not vary among Defendants' branches.

8. Throughout the relevant period, Defendants' policy across their branches has been to uniformly classify ABMs as exempt from federal and state overtime provisions and not pay ABMs any overtime wages.

- 3 -

9. Defendants regularly require ABMs to work in excess of 40 hours per workweek.

10. By the conduct described herein, Defendants have violated the Fair Labor Standards Act and state wage and hour laws by failing to pay ABMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

11. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants nationwide who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

12. Plaintiff Taylor brings this action on behalf of himself and similarly situated current and former employees of Defendants who worked in Illinois pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "Illinois Act").

## THE PARTIES

### *Plaintiff LeRoy Taylor, III*

13. Plaintiff LeRoy Taylor, III is an adult individual who is a resident of Chicago, Illinois.

14. Taylor was employed by Defendants from approximately August 2008 to December 2012. He worked as an ABM from September 2009 to December 2012 at Defendants' branch in Chicago, Illinois.

15. Defendants paid Taylor an annual salary of approximately $38,000.

16. Pursuant to Defendants' policy, pattern, and/or practice, Taylor regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Specifically, he typically worked between 55 and 60 hours per week and did, in fact, work between 55 and 60 hours during the weeks of September 17, 2012 and October 15, 2012. Taylor was not paid overtime wages during these or any other workweeks for the hours he worked in excess of 40 each week.

17. At all times relevant hereto, Taylor was a covered employee within the meaning of the FLSA and Illinois wage laws.

18. A written consent form for Taylor is attached hereto as Exhibit A.

### *Plaintiff Agnes Lambert*

19. Plaintiff Agnes Lambert is an adult individual who is a resident of Atlanta, Georgia.

20. Lambert was employed by Defendants from approximately June 2009 to September 2013. She worked as an ABM from April 2012 to September 2013 at Defendants' branch in Atlanta, Georgia.

21. Defendants paid Lambert an annual salary of approximately $35,000.

22. Pursuant to Defendants' policy, pattern, and/or practice, Lambert regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Specifically, she typically worked between 50 and 60 hours per week and did, in fact, work between 50 and 60 hours during the weeks of March 18, 2013 and July 22, 2013. Lambert was not paid overtime wages during these or any other workweeks for the hours she worked in excess of 40 each week.

23. At all times relevant hereto, Lambert was a covered employee within the meaning of the FLSA.

24. A written consent form for Lambert is attached hereto as Exhibit B.

### *Plaintiff Kaytie Smith*

25. Plaintiff Kaytie Smith is an adult individual who is a resident of Sterling Heights, Michigan.

26. Smith was employed by Defendants from approximately October 2010 to October 2012. She worked as an ABM during her entire employment with Defendants at Defendants' branch in Shelby Township, Michigan.

27. Defendants paid Smith an annual salary of approximately $37,000.

28. Pursuant to Defendants' policy, pattern, and/or practice, Smith regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Specifically, she typically worked between 52 and 65 hours per week and did, in fact, work between 52 and 65 hours during the weeks of April 23, 2012 and June 11, 2012. Smith was not paid overtime wages during these or any other workweeks for the hours she worked in excess of 40 each week..

29. At all times relevant hereto, Smith was a covered employee within the meaning of the FLSA.

30. A written consent form for Smith is attached hereto as Exhibit C.

### *Defendants*

31. JPMC is a Delaware corporation with a principal place of business in New York City, New York.

32. Chase is a commercial bank chartered by the Comptroller of the Currency with a

principal place of business in Chicago, Illinois.

33. Chase is a wholly owned subsidiary of JPMC Financial Corporation.

34. At all relevant times, Defendants were "employers" within the meaning of the FLSA and the Illinois Act.

35. Throughout the relevant period, Defendants employed and/or jointly employed Plaintiffs and other ABMs within the meaning of the FLSA and the Illinois Act. Defendants have had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

36. At all times relevant, Defendants maintained control, oversight and direction over Plaintiffs and other ABMs, including timekeeping, payroll and other employment practices that applied to them.

37. Defendants apply the same employment policies, practices, and procedures to all ABMs.

38. At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

39. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

40. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

41. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) because Defendant JPMC is a resident of the State of New York and has its principal place business in this district.

## COMMON FACTUAL ALLEGATIONS

42. Throughout their employment with Defendants, Plaintiffs and other ABMs regularly worked in excess of 40 hours per week. Plaintiffs typically worked between 50 and 65 hours per week.

43. Defendants were aware that Plaintiffs and other ABMs worked more than 40 hours per workweek, yet Defendants failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

44. Defendants failed to keep accurate records of the hours that Plaintiffs and other ABMs worked.

45. The primary duties of Plaintiffs and other ABMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as working on the teller line, performing sales of products and services, general customer service, opening and closing accounts, handling deposits and withdrawals, retrieving deposits from the automatic teller machines (ATMs), and counting money in the teller drawers, ATMs and bank vault.

46. Plaintiffs and other ABMs were closely supervised by their branch managers, district managers and regional managers and through common corporate policies and procedures that defined and circumscribed their work. Branch managers were responsible for the overall performance of the branches, and for coaching, evaluating and disciplining branch employees. Plaintiffs and other ABMs were not responsible for the overall performance of the branches, or for coaching, evaluating or disciplining branch employees.

47. Plaintiffs and other ABMs did not have authority to hire or fire branch employees, nor did they have much, if any, input into who was hired and fired.

48. During the relevant period, Defendants uniformly classified ABMs as exempt from federal and state overtime pay requirements.

49. All of the work that Plaintiffs and other ABMs performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and other ABMs performed.

50. Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

51. Defendants were aware, or should have been aware, that federal and state wage and hour laws required them to pay Plaintiffs and other ABMs overtime compensation for hours worked in excess of 40 per week.

52. Defendants were aware, or should have been aware, that Plaintiffs' and other ABMs' primary duties were providing customer service on the teller line and selling bank products and services, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

53. Defendants' failure to pay Plaintiffs and other ABMs overtime was willful. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

54. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as ABMs at any branch location in the U.S., on or after April 14, 2012, who elect to opt-in to this action (the "FLSA Collective").

55. All of the work that Plaintiffs and the FLSA Collective have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

56. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c. Willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

57. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

58. Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

59. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## ILLINOIS CLASS ACTION ALLEGATIONS

60. Plaintiff Taylor brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons (the "Illinois Class") consisting of all persons who have worked for Defendants as ABMs in the State of Illinois at any time between April 14, 2012 and the date of final judgment in this matter (the "Illinois Class Period").

61. Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in either Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

62. The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff Taylor, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

63. Upon information and belief, the size of the Illinois Class is at least 500 workers.

64. Defendants acted or refused to act on grounds generally applicable to the Illinois Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Illinois Class as a whole.

65. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a. whether Defendants failed to keep true and accurate time records for all hours worked by Taylor and the Illinois Class;

    b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c. whether Defendants failed and/or refused to pay Taylor and the Illinois Class for all hours worked in violation of the Illinois Act.

    d. whether Defendants failed and/or refused to pay Taylor and the Illinois Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the Illinois Act.

    e. the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class;

        f.       whether Defendants have had a policy of failing to pay workers for time that they work;

        g.      whether Defendants failed to compensate Taylor and the Illinois Class for all work Defendants required and/or suffered or permitted them to perform; and

        h.      whether Defendants correctly calculated and compensated Taylor and the Illinois Class for hours worked in excess of 40 per workweek.

66.    Taylor's claims are typical of the claims of the Illinois Class sought to be represented. Taylor and the other Illinois Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek. Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making injunctive and/or declaratory relief with respect to the Illinois Class appropriate.

67.    Taylor will fairly and adequately represent and protect the interests of the Illinois Class. Taylor understands that, as a class representative, one assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. Taylor recognizes that as a class representative, one must represent and consider the interests of the Illinois Class just as one would represent and consider one's own interests. Taylor understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Illinois Class. Taylor recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. Taylor understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

68. Taylor has retained counsel competent and experienced in complex class action employment litigation.

69. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

70. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiffs and the FLSA Collective)

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

73. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

74. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

76. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77. At all relevant times, Plaintiffs and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

78. Defendants failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

79. Defendants' violations of the FLSA, as described in this Collective and Class Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

80. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

81. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

82. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Illinois Minimum Wage Laws
### (On behalf of Plaintiff Taylor and the Illinois Class)

83. Plaintiff Taylor realleges and incorporates by reference all allegations in all preceding paragraphs.

84. At all times relevant, Plaintiff Taylor and the members of the Illinois Class have been employees and Defendants have been employers within the meaning of the Illinois Act. Taylor and the members of the Illinois Class are covered by the Illinois Act.

85. Defendants employed Taylor and the members of the Illinois Class as an employer and/or a joint employer in Illinois.

86. Defendants failed to pay Taylor and the members of the Illinois Class wages to which they are entitled under the Illinois Act. Defendants failed to pay Taylor and the members of the Illinois Class for overtime at a wage rate of one and one-half times their regular rate of pay.

87. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Taylor and the Illinois Class members, recording only forty (40) hours of work per week rather than the actual number of hours worked.

88. Due to Defendants' intentional and willful violations of the Illinois Act, Taylor and the members of the Illinois Class are entitled to recover from Defendants their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment interest, 2% interest per month interest in accordance with the Illinois Act, and such other relief as provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E. A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other ABMs, and the risks they have undertaken.

F. Certification of the Illinois Act claims in this action as a class action;

G. Designation of Taylor as a Class Representative;

H. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendants according to Illinois law according to proof;

I. Pre-judgment and post-judgment interest as provided by law, including interest on all unpaid wages at the statutory rate of 2% per month in accordance with Illinois law;

J. Attorneys' fees and costs of the action; and

K. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
April 15, 2015

                                                  Respectfully submitted,

                                                  */s/ Michael J. Palitz*

                                                  Michael J. Palitz (MP7883)
                                                  **SHAVITZ LAW GROUP, P.A.**[1]
                                                  Gregg I. Shavitz (*pro hac vice* application forthcoming)
                                                  Alan L. Quiles (*pro hac vice* application forthcoming)
                                                  1515 South Federal Highway, Suite 404
                                                  Boca Raton, Florida 33432
                                                  Telephone: (561) 447-8888
                                                  Facsimile: (561) 447-8831

                                                  ***Attorneys for Plaintiffs and the Putative Class and Collective***

---

[1] New York office address to be supplied shortly.

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), __JP Morgan Chase__, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Agnes Lambert_
Signature

_Agnes Lambert_
Print Name

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), __JP Morgan Chase__, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

LeRoy Taylor III
Print Name

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), __JP Morgan Chase__, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Kaytie S. Smith_
Signature

_Kaytie S. Smith_
Print Name