Sam S. Shaulson (SS-0460)
sam.shaulson@morganlewis.com
Thomas A. Linthorst (TL-3345)
thomas.linthorst@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
+1.212.309.6718 (Telephone)
+1.212.309.6001 (Fax)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEROY TAYLOR, III, AGNES LAMBERT and GINELLE ROBLES, individually and on behalf of all others similarly situated, as Class/Collective representatives, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | : <br> : <br> : <br> : **Docket No. 15-CV-03023-PGG** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

DB1/ 86993213

## TABLE OF CONTENTS

                                                                                                                         **Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   STANDARD FOR EQUITABLE TOLLING ................................................................... 2

III.  ARGUMENT ...................................................................................................................... 2

       A.    Plaintiffs' Motion Is Premature Because No Collective Action Has Been Certified And The Putative Collective Action Members Do Not Currently Have Claims Before This Court ................................................................................ 2

       B.    Plaintiffs' Counsel Are Not Entitled to Equitable Tolling Because Equity Does Not Permit A Party With Unclean Hands To Obtain A Remedy ................. 3

       C.    Routine Delay Between The Filing Of A Motion For Conditional Certification And Court Decision Cannot Alone Support Equitable Tolling ............................................................................................................................ 5

              1.    Permitting Tolling Merely Based on the Passage of Time Between the Filing of a Motion for Conditional Certification and Decision Would Frustrate Congressional Intent With Respect to the FLSA ........... 5

              2.    Mere Delay Between the Filing of a Motion for Conditional Certification and Court Decision is Not a Rare and Exceptional Circumstance or Extraordinary. ................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*A.Q.C. ex rel. Castillo v. United States*,
   656 F.3d 135 (2d Cir. 2011) ................................................................................................... 2

*Awad v. Tyson Foods, Inc.*,
   No. 15-0130, 2016 WL 454776 (M.D. Tenn. Feb. 5, 2016) .............................................. 3, 8

*Barrett v. Forest Labs., Inc.*,
   No. 12-5224-RA, 2015 WL 4111827 (S.D.N.Y. July 8, 2015) ........................................... 11

*Bolarinwa v. Williams*,
   593 F.3d 226 (2d Cir. 2010) ................................................................................................... 2

*Cordova v. SCCF, Inc.*,
   No. 13-5665-LTS-HBP, 2014 WL 3512820 (S.D.N.Y. July 16, 2014) ................................. 8

*Covington v. N.Y. City Police Dep't*,
   471 F. App'x 28 (2d Cir. 2012) .............................................................................................. 2

*Fenley v. Wood Grp. Mustang, Inc.*,
   No. 15-0326, -- F. Supp. 3d --, 2016 WL 1059681 (N.D. Ohio Mar. 17, 2016) ................... 8

*Garrison v. ConAgra Foods Packaged Food, LLC*,
   No. 12-0737, 2013 WL 1247649 (E.D. Ark. Mar. 27, 2013) .............................................. 10

*Geiger v. Z-Ultimate Self Def. Studios LLC*,
   No. 14-0240, 2015 WL 1139843 (D. Colo. Mar. 11, 2015) .................................................. 3

*Gordon v. Kaleida Health*,
   No. 08-378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009) ............................................ 6, 9

*Guzman v. Three Amigos SJL Inc.*,
   117 F. Supp. 3d 516 (S.D.N.Y. 2015) ................................................................................... 7

*Hengjin Sun v. China 1221, Inc.*,
   No. 12-7135 RJS, 2015 WL 5542919 (S.D.N.Y. Aug. 12, 2015) ......................................... 7

*Hintergerger v. Catholic Health Sys.*,
   No. 08-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) ................................................ 9

*Hoffman-La Roche Inc. v. Sperling*,
   493 U.S. 165 (1989) ............................................................................................................... 5

*Iriarte v. Café 71, Inc.*,
   No. 15-3217, 2015 U.S. Dist. LEXIS 166945 (S.D.N.Y. Dec. 11, 2015) ........................... 11

Case 1:15-cv-03023-PGG   Document 51   Filed 04/08/16   Page 4 of 18

*Lemmon v. Harry & David Operations, Inc.*,
   No. 15-0779, 2016 WL 234854 (S.D. Ohio Jan. 20, 2016) ............................................. 3, 8

*Lloyd v. J.P. Morgan Chase & Co.*,
   No. 11-9305-LTS, 2013 WL 4828588 (S.D.N.Y. Sept. 9, 2013),
   *aff'd in part*, 791 F.3d 265 (2d Cir. 2015) ........................................................................... 8

*Mark v. Gawker Media LLC*,
   No. 13-4347-AJN, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) .................................... 9, 11

*Martin v. Sprint/united Mgmt. Co.*,
   No. 15-5237-PAE, 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ............................................... 7

*McGlone v. Contract Callers, Inc.*,
   867 F. Supp. 2d 438 (S.D.N.Y. 2012) ............................................................................ 10, 11

*Miller-Basinger v. Magnolia Health Sys., Inc.*,
   No. 15-0089, 2016 WL 773191 (S.D. Ind. Feb. 22, 2016) ............................................... 2, 8

*Morgan v. Rig Power, Inc.*,
   No. 15-0073, 2015 WL 6506953 (W.D. Tex. Oct. 27, 2015) ............................................... 8

*Ouedraogo v. A-1 Int'l Courier Serv., Inc.*,
   No. 12-5651-AJN, 2013 WL 3466810 (S.D.N.Y. July 8, 2013) .......................................... 9

*Pace v. DiGuglielmo*,
   544 U.S. 408 (2005) .............................................................................................................. 2

*Parada v. Banco Indus. De Venezuela, C.A.*,
   753 F.3d 62 (2d Cir. 2014) .................................................................................................... 2

*Pendlebury v. Starbucks Coffee Co.*,
   No. 04-80521, 2008 U.S. Dist. LEXIS 20089 (S.D. Fla. Mar. 13, 2008) ......................... 7, 9

*Pike v. New Generation Donuts, LLC*,
   No. 12-12226, 2016 WL 707361 (D. Mass. Feb. 20, 2016) ................................................. 9

*Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*,
   324 U.S. 806 (1945) .............................................................................................................. 3

*Ramos v. PJJK Rest. Corp.*,
   No. 15-5672-PKC, 2016 WL 1106373 (S.D.N.Y. Mar. 10, 2016) ...................................... 7

*Ritz v. Mike Rory Corp.*,
   No. 12-367, 2013 WL 1968493 (E.D.N.Y. May 13, 2013) .................................................. 9

*Schaefer v. M&T Bank Corp.*,
   122 F. Supp. 3d 189, 198 (S.D.N.Y. 2015) ................................................................... 11, 12

-iii-

*Tidd v. Adecco USA, Inc.*,
  No. 07-11214, 2008 WL 4286512 (D. Mass. Sept. 17, 2008) .................................................. 8

*Vargas v. General Nutrition Ctrs., Inc.*,
  No. 10-0867, 2012 WL 5336166 (W.D. Pa. Oct. 26, 2012) .................................................... 8

*Walker v. Jastremski*,
  430 F.3d 560 (2d Cir. 2005) .................................................................................................... 2

*Yahraes v. Rest. Assoc. Events Corp.*,
  No. 10-0935, 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ............................................... 10, 12

*Zerilli-Edelglass v. N.Y. City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003) ....................................................................................................... 2

**STATUTES**

29 U.S.C. § 211 ................................................................................................................................ 7

29 U.S.C. § 251(a)(1), (4), (7) ......................................................................................................... 5

29 U.S.C. §§ 255(a), 256(b) ............................................................................................................ 6

Pub. L. No. 52-49, secs. 5-7, 1947 U.S.C. Cong. Serv. 85 ............................................................. 5

**OTHER AUTHORITIES**

29 C.F.R. § 516.4 (2016) ................................................................................................................. 7

2 John Norton Pomeroy, *A Treatise on Equity Jurisprudence as Administered in the United States of America* §§ 360, 398 (5th ed. 1941) ............................................................. 3

Merriam-Webster Dictionary (retrieved Mar. 29, 2016 from Merriam-Webster.com at http://www.merriam-webster.com/dictionary/extraordinary) ................................................. 6

I.  **INTRODUCTION**

Plaintiffs' counsel are not entitled to equitable tolling of putative collective action members' claims back to the date that they filed the motion for conditional certification. As an initial matter, their motion for tolling is both duplicative and premature, as the issue will become moot if this Court denies Plaintiffs' motion for conditional certification, and Plaintiffs already requested equitable tolling in their briefs in support of certification, citing many of the same cases they do here. *See* Dkt. No. 31 at p.17 (Plaintiffs' request that notice go back 3 years from the date of filing of motion for certification); Dkt. No. 34 at p.24 (Defendants' opposition stating that no notice should issue, but if it does, any notice should be limited to those who held an ABM role within three years of date the Court approves notice, not three years from the date of the certification motion); Dtk. No. 33 at pp.7-8 (Plaintiffs' reply arguing that equitable tolling should be applied to "the time the Court needs to spend to rule on this motion"). Plaintiffs' filing of this "new" motion that reargues the same points made in their certification briefs is an evasion of the briefing limits on their notice motion.

In any event, the motion is without merit because Plaintiffs' counsel are neither entitled to tolling under basic principles of equity, nor under the Second Circuit standard for tolling. Equity requires that the moving party must not have unclean hands. Here, Plaintiffs' counsel were complicit in the admitted judge shopping by counsel in the related *Varghese* case, which significantly delayed the motion for conditional certification being decided along with the *Taylor* motion. Moreover, Plaintiffs and their counsel are not entitled to equitable tolling here, because the mere passage of time when awaiting a decision on conditional certification is not the sort of "rare and exceptional circumstance" that warrants tolling.

## II. STANDARD FOR EQUITABLE TOLLING

Equitable tolling "is considered a drastic remedy applicable only in 'rare and exceptional circumstance[s].'" *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal citations omitted); *see also, e.g., Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014); *Covington v. N.Y. City Police Dep't*, 471 F. App'x 28, 29 (2d Cir. 2012); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003). As a general matter, "'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *A.Q.C. ex rel. Castillo*, 656 F.3d at 144 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010).

## III. ARGUMENT

### A. Plaintiffs' Motion Is Premature Because No Collective Action Has Been Certified And The Putative Collective Action Members Do Not Currently Have Claims Before This Court.

As mentioned above, Plaintiffs' motion is premature since a denial of conditional certification will render the request for tolling moot. Plaintiffs are essentially requesting an advisory opinion on tolling the claims of putative collective action members who are not now, and may never be, before the court in this case. *See Miller-Basinger v. Magnolia Health Sys., Inc.*, No. 15-0089, 2016 WL 773191, at *2 (S.D. Ind. Feb. 22, 2016) (denying motion for equitable tolling for putative collective action members when conditional certification had not yet been granted as "premature" because "doing so would require the Court to issue an advisory opinion, which would impermissibly 'address[ ] the rights of parties not before the Court.")

(internal citation omitted). Accordingly, it would be improper and inefficient for this Court to address the tolling issue until it has resolved the certification motion.[1]

### B. Plaintiffs' Counsel Are Not Entitled to Equitable Tolling Because Equity Does Not Permit A Party With Unclean Hands To Obtain A Remedy.

Even were it appropriate to consider the motion for tolling at this juncture, Plaintiffs' counsel are still precluded from seeking equitable tolling because they have unclean hands with respect to any delay in notice to putative collective action members, *if* such notice is granted, and so are not entitled to a remedy in equity. *See, e.g., Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (the doctrine of "[un]clean hands . . . closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . ."); 2 John Norton Pomeroy, *A Treatise on Equity Jurisprudence as Administered in the United States of America* §§ 360, 398 (5th ed. 1941) (explaining that fundamental principal of equitable remedies is that "he who comes into equity must come with clean hands" and this means that a court would never intervene in equity "on behalf of a plaintiff

---

[1] Courts in a number of jurisdictions have also held that even after granting conditional certification, it is improper to toll the claims of all putative class members who have not opted-in, because tolling must be an individualized inquiry. *See, e.g., Lemmon v. Harry & David Operations, Inc.*, No. 15-0779, 2016 WL 234854, at *7 (S.D. Ohio Jan. 20, 2016) (denying motion to toll claims of putative collective action members and explaining that "the doctrine of equitable tolling is an individualized inquiry, inappropriate for group consideration in the context of an FLSA collective action.") (quotations and internal citation omitted); *Awad v. Tyson Foods, Inc.*, No. 15-0130, 2016 WL 454776, at *6 (M.D. Tenn. Feb. 5, 2016) ("'[I]t is a plaintiff's burden to demonstrate why he or she is entitled to equitably toll the statute of limitations in a particular case,' . . . and, therefore, is 'inappropriate for group consideration in the context of an FLSA collective action.'") (internal citations omitted); *Geiger v. Z-Ultimate Self Def. Studios LLC*, No. 14-0240, 2015 WL 1139843, at *3 (D. Colo. Mar. 11, 2015) ("If a particular plaintiff, putative opt-in plaintiff, or group of plaintiffs demonstrates circumstances that justify equitable tolling, then equitable tolling may be appropriate for that particular plaintiff or group of plaintiffs. However, there is no basis to assume, based on the circumstances asserted on the current record, that all plaintiffs and all potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim").

3

whose own conduct . . . had violated any of the principles of equity and righteous dealing which it is the purpose of the jurisdiction to sustain").

The *Taylor* and *Varghese* matters were marked related at the request of Plaintiffs' counsel and Defendants have a strong reason to believe, based upon information provided to them, that the current Plaintiffs' counsel in *Taylor*, the Shavitz Law Group, and former counsel in *Varghese*, Outten & Golden, coordinated in the filing of the *Taylor* matter after Outten & Golden withdrew from *Varghese*. In light of this coordination, Plaintiffs' counsel were complicit in lengthy delays that prevent them from invoking the equitable doctrine of tolling. Counsel in *Varghese* delayed the progress of that case for more than a year while they engaged in judge shopping, using procedural maneuvers such as seeking to transfer the case (Dkt. No. 16), attempting to dismiss the collective action claims (Dkt. Nos. 12, 13), and eventually even seeking to dismiss the individual claims with prejudice (Dkt. Nos. 23), before once again seeking to pursue collective claims after the case had been reassigned. As this court recognized, this behavior was "deeply troubling," particularly counsel's actions in "request[ing] that a case proceed as an individual action and then revers[ing] course once a case has been reassigned." (Dkt. No. 71). Because Plaintiffs in both the *Varghese* and *Taylor* cases seek conditional certification of the same FLSA collective of Chase ABMs, and this Court is treating the two actions as related, it is understandable that this Court would await the completion of conditional certification briefing in the *Varghese* matter before deciding the conditional certification issue in *Taylor*. Therefore, delays in *Varghese* affected resolution of *Taylor*, and it would be inconsistent with the principle of equity barring a remedy to one with unclean hands to allow counsel to benefit from their attempts at judge shopping by application of tolling.

4

### C. Routine Delay Between The Filing Of A Motion For Conditional Certification And Court Decision Cannot Alone Support Equitable Tolling

Even if Plaintiffs' counsel were not guilty of unclean hands, their argument appears to be that tolling is always appropriate starting when a motion for conditional certification is filed and continuing until that motion is decided. This argument is both inconsistent with Second Circuit precedent requiring that equitable tolling be applied only in rare and exceptional circumstances, and Congressional intent with respect to the Fair Labor Standards Act.

#### 1. Permitting Tolling Merely Based on the Passage of Time Between the Filing of a Motion for Conditional Certification and Decision Would Frustrate Congressional Intent With Respect to the FLSA.

The tolling proposed by Plaintiffs would strip Defendants of the express protection that Congress gave to employers when it amended the FLSA to include an opt-in procedure that intentionally *does **not*** toll the statute of limitations for absent class members (as contrasted to the filing of a Rule 23 class complaint). Responding to "excessive" litigation filed after the original passage of the FLSA in 1938, Congress amended the FLSA in 1947 to provide additional protections for employers by: (1) limiting FLSA actions to similarly situated individuals who have filed a consent to join the case; (2) imposing a two-year statute of limitations where none had existed previously; and (3) providing that the filing of an action does not stop the running of the statute unless and until an individual files a consent to join. Pub. L. No. 52-49, secs. 5-7, 1947 U.S.C. Cong. Serv. 85. Congress declared in the statute itself that the explosion of FLSA litigation threatened to "bring about financial ruin of many employers and seriously impair the capital resources of many others," and that, in the absence of these limitations, "the courts of the country would be burdened with excessive and needless litigation and champertous practices would be encouraged . . . ." 29 U.S.C. § 251(a)(1), (4), (7). *See also Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989) ("The relevant amendment was for the purpose of limiting

5

private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions."). Thus, the FLSA clearly and unambiguously provides that the statute is not tolled unless and until an individual files a consent to join with the Court. 29 U.S.C. §§ 255(a), 256(b).

Plaintiffs offer no basis for tolling other than the passage of time since their filing of the motion for conditional certification. Under Plaintiffs' reasoning, the FLSA statute of limitations must always be automatically tolled in every single FLSA case for putative collective action members whenever a motion for conditional certification is filed. Such a result is directly contrary to the plain terms of and policy behind the FLSA's opt-in procedure, and the exclusion of tolling from the FLSA.

        2.      Mere Delay Between the Filing of a Motion for Conditional Certification and Court Decision is Not a Rare and Exceptional Circumstance or Extraordinary.

Apart from the FLSA's purpose, the routine delay occasioned by the period between briefing and resolution of a motion for conditional certification in and of itself cannot meet the tolling requirement that there be "extraordinary circumstances" preventing an individual from asserting his or her rights. "Extraordinary" is defined as "exceptional to a very marked extent." Merriam-Webster Dictionary, 2016 (retrieved Mar. 29, 2016 from Merriam-Webster.com at http://www.merriam-webster.com/dictionary/extraordinary). There is nothing exceptional to a marked extent about the fact that time passes between the completion of briefing and a court decision on an issue. In addition, the fact that an individual failed to receive at an earlier date a personal, court-authorized notice inviting him or her to file a claim does not amount to being "prevented" in some "extraordinary way" from filing that claim. *See, e.g., Gordon v. Kaleida Health*, No. 08–378S, 2009 WL 3334784, at *13 (W.D.N.Y. Oct. 14, 2009) (denying equitable tolling of FLSA claims for the putative class for the period prior to notice because the filing of a

6

claim for overtime "is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief").[2] Here, Plaintiffs do not suggest that the Chase ABMs who fall within the collective definition and are classified as exempt are unaware that they are not being paid overtime. In fact, such putative collective action members have already received notice of their FLSA rights in the manner prescribed by Congress –workplace postings. *See* 29 C.F.R. § 516.4 (2016) (promulgated under 29 U.S.C. § 211). Accordingly, there are no extraordinary circumstances preventing those individuals from filing their own action if they believe they should be entitled to overtime.

Courts within this Circuit have repeatedly rejected tolling based on the passage of time between conditional certification briefing and orders granting certification and notice. *See, e.g., Ramos v. PJJK Rest. Corp.,* No. 15-5672-PKC, 2016 WL 1106373, at *5 (S.D.N.Y. Mar. 10, 2016) (denying request for tolling made in conjunction with motion for conditional certification on the basis that equitable tolling applies only in "rare and exceptional case[s]" and plaintiffs merely contended that courts "'routinely grant' requests for equitable tolling in FLSA actions" without making any evidentiary showing as to why tolling would be warranted); *Martin v. Sprint/united Mgmt. Co.,* No. 15-5237-PAE, 2016 WL 30334, at *16 (S.D.N.Y. Jan. 4, 2016) (same); *Guzman v. Three Amigos SJL Inc.,* 117 F. Supp. 3d 516, 528 (S.D.N.Y. 2015) (denying

---

[2] *See also Pendlebury v. Starbucks Coffee Co.,* No. 04-80521, 2008 U.S. Dist. LEXIS 20089, at *9-10 (S.D. Fla. Mar. 13, 2008) ("[t]he fact that Plaintiffs did not receive notice of the pendency of a collective action prior to the expiry of the limitations period was not the consequence of 'inequitable circumstances'" and any of the opt-in plaintiffs "could have filed individual (or collective) actions within the limitations period"); *Hengjin Sun v. China 1221, Inc.,* No. 12-7135 RJS, 2015 WL 5542919, at *6-10 (S.D.N.Y. Aug. 12, 2015) (refusing to apply equitable tolling and finding that plaintiffs failed to exercise reasonable diligence where they had knowledge of their pay and their right to a minimum wage and ignorance of the law does not constitute extraordinary circumstances warranting tolling).

7

tolling back to pendency of motion to certify as plaintiff has not shown any extraordinary circumstances); *Lloyd v. J.P. Morgan Chase & Co.*, No. 11-9305-LTS, 2013 WL 4828588, at *6 (S.D.N.Y. Sept. 9, 2013), *aff'd in part*, 791 F.3d 265 (2d Cir. 2015) (same); *Cordova v. SCCF, Inc.*, No. 13-5665-LTS-HBP, 2014 WL 3512820, at *6 (S.D.N.Y. July 16, 2014) (refusing to toll statute of limitations and holding that plaintiffs had "not made a sufficient showing of rare and exceptional circumstances that would warrant tolling").[3] Moreover, courts within this Circuit

---

[3] Plaintiffs include a footnote with a long string cite of cases from other jurisdictions where equitable tolling has been permitted. There is no point to distinguishing all these cases, as the standard for equitable tolling is different in many other circuits. Moreover, there is just as much authority in other circuits supporting the proposition that it is not appropriate to toll the claims of all putative collective action members who have not yet joined the litigation merely due to a delay between briefing and the certification decision. *See, e.g., Fenley v. Wood Grp. Mustang, Inc.*, No. 15-0326, -- F. Supp. 3d --, 2016 WL 1059681, *8-9 (N.D. Ohio Mar. 17, 2016) (denying motion for equitable tolling to the date the motion for conditional certification was filed, explaining that "courts should grant equitable tolling only when the circumstances of the case are extraordinary" and that it is not appropriate to do so on behalf of all putative collective action members who have not opted-in); *Miller-Basinger*, 2016 WL 773191, at *2 (denying motion for equitable tolling for putative collective action members who have not yet opted-in because "doing so would require the Court to issue an advisory opinion, which would impermissibly 'address[ ] the rights of parties not before the Court.'"); *Awad*, 2016 WL 454776, at *6 (denying motion for equitable tolling of claims of all plaintiffs and putative collective action members because "exceptional circumstance have not been presented so as to justify equitable tolling of the statute of limitations"); *Lemmon*, 2016 WL 234854, at *7 (denying motion to toll the statute of limitations to the date the motion for conditional certification was filed despite the passage of ten months since the filing of the motion and explaining that "the doctrine of equitable tolling is an individualized inquiry, inappropriate for group consideration in the context of an FLSA collective action."); *Morgan v. Rig Power, Inc.*, No. 15-0073, 2015 WL 6506953, at *5-6 (W.D. Tex. Oct. 27, 2015) (denying motion to toll the statute of limitations back to when the motion for conditional certification was filed because plaintiffs did not show the "extraordinary circumstances" necessary to justify equitable tolling and "Courts in the Fifth Circuit have denied motions for equitable tolling where the only basis for such tolling was a delay in deciding a motion for conditional certification") (string cite omitted); *Vargas v. General Nutrition Ctrs., Inc.*, No. 10-0867, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012) (denying plaintiffs' motion for equitable tolling and holding that plaintiffs failed to establish extraordinary circumstances merely due to the 11-month delay between the time of filing and decision on plaintiffs' motion for conditional certification); *Tidd v. Adecco USA, Inc.*, No. 07-11214, 2008 WL 4286512, at *5 (D. Mass. Sept. 17, 2008) ("The plaintiffs have not alleged any extraordinary circumstance to warrant equitable tolling nor have they pointed to any wrongdoing by the defendants that would justify a tolling order. Indeed, the circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would

8

have rejected tolling in circumstances where the delays between the conditional certification motion and decision were equal to or greater than those at issue here, including delays of up to seventeen months.

- **Delay of between 6-9 months no basis for tolling.** *See, e.g., Ritz v. Mike Rory Corp.*, No. 12-367, 2013 WL 1968493, at *2-3 (E.D.N.Y. May 13, 2013) (denying plaintiffs' request for equitable tolling for seven months between the time the original conditional certification brief was filed and the grant of certification because equitable tolling is only appropriate in "rare and exceptional circumstances" where a party has been "prevented in some extraordinary way from exercising his rights" and there were no such extraordinary and inequitable circumstances here); *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-5651-AJN, 2013 WL 3466810, at *4 & n.2 (S.D.N.Y. July 8, 2013) (refusing to toll statute of limitations for over six months between the motion for conditional certification and decision because "the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit" absent extraordinary circumstances and plaintiff did not point to any such extraordinary circumstances).

- **Delay of between 10-17 months no basis for tolling.** *See, e.g., Mark v. Gawker Media LLC*, No. 13-4347-AJN, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) (holding that eleven month delay between filing of motion for conditional certification and decision on notice was not extraordinary and could not serve as basis for equitable tolling); *Gordon*, 2009 WL 3334784, at *12-14 (refusing to toll statute of limitations for the *seventeen* months since the time motion for conditional certification was filed, or the thirteen months since the motion was fully briefed, explaining "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes" since equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs") (internal quotations and citations omitted); *Hintergerger v. Catholic Health Sys.*, No. 08–380S, 2009 WL 3464134, at *14-15 (W.D.N.Y. Oct. 21, 2009) (denying tolling of statute of limitations despite fact that it was thirteen months since conditional certification motion was fully briefed).

---

essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Pendlebury*, 2008 U.S. Dist. LEXIS 20089, at *9-10 (rejecting equitable tolling of opt-in claims during pendency of notice motion); *cf also Pike v. New Generation Donuts, LLC*, No. 12-12226, 2016 WL 707361, at *6 (D. Mass. Feb. 20, 2016) (denying tolling of FLSA claims, explaining "without affirmative misconduct by the defendants or extraordinary circumstances beyond the plaintiffs' control, the application of equitable tolling is inappropriate").

Indeed, if tolling was appropriate for the passage of time between conditional certification briefing and decision, it would be routine rather than "rare" and "exceptional." *See Garrison v. ConAgra Foods Packaged Food, LLC*, No. 12–0737, 2013 WL 1247649, at *4-5 (E.D. Ark. Mar. 27, 2013) ("[t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course . . . thereby transforming this extraordinary remedy into a routine, automatic one").

Delays in ruling on a motion for conditional certification warrant tolling only where the delay is as a result of extraordinary circumstances, such as where the court issues an order that delays resolution of certification (for example, through a stay), or other procedural delays in resolving the certification issue that are attributable to the actions of the defendants. The leading case cited in this Circuit for the proposition that "the delay caused by the time required for a court to rule on a motion . . . may be deemed an 'extraordinary circumstance'" is *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012), which was quoting *Yahraes v. Rest. Assoc. Events Corp.*, No. 10-0935, 2011 WL 844963, at *2-3 (E.D.N.Y. Mar. 8, 2011). *Yahraes* was a case which specifically involved delays in the certification decision that resulted *from the action of the defendants*, and where defendants had already agreed to the tolling of certain claims and were on notice that they might be further tolled. In *Yahraes*, the defendants requested a stay of the motion for certification while they were negotiating with the New York State Department of Labor to pay the unpaid wages, and this stay was granted by the court. 2011 WL 844963, at *2. The parties agreed to equitable tolling during the pendency of the stay to preserve claims going back to 2007. *Id.* After the 160-day stay expired, the defendant further delayed the decision on conditional certification by requesting and obtaining leave to re-brief the certification issue. *Id.* The Court granted the motion for tolling, explaining that it was

10

defendant's actions, including re-briefing the certification motion, that created the extraordinary circumstances frustrating plaintiffs' diligent attempts to ensure the claims did not expire.

Similarly, in *Schaefer v. M&T Bank Corp.*, 122 F. Supp. 3d 189, 198 (S.D.N.Y. 2015), this Court noted that prior to the filing of the conditional certification motion, "the parties engaged – at this Court's direction – in discovery and negotiations regarding the scope of the putative collective." This Court concluded that under such circumstances, the delay in the motion for certification as a result of the court's previous order made equitable tolling appropriate as of the date the motion was filed. *Id.* at 198-99.

Thus, while a delay in deciding a certification motion *caused by some prior court order or other action on the part of the defendants* may constitute an extraordinary circumstance, the ordinary delay such as that experienced here between the filing of the claim and the decision are not extraordinary and cannot warrant tolling. To the extent the district court decisions in *McGlone*, and *Iriarte v. Café 71, Inc.*, No. 15-3217, 2015 U.S. Dist. LEXIS 166945, at *18 (S.D.N.Y. Dec. 11, 2015), suggest otherwise, respectfully, they are wrongly decided. *Cf., e.g., Gawker Media LLC*, 2014 WL 5557489, at *3 (acknowledging statement in *McGlone* that delays in ruling on a motion can be grounds for tolling but where "the only circumstance justifying tolling advanced by Plaintiffs is the passage of time while the conditional certification motion was pending" and the time delay between the date Plaintiffs filed the motion and its resolution in this case was not "extraordinary," refusing to apply equitable tolling); *Barrett v. Forest Labs., Inc.*, No. 12-5224-RA, 2015 WL 4111827, at *3 (S.D.N.Y. July 8, 2015) (acknowledging that a court's delay in deciding a motion may in some circumstances amount to an "extraordinary circumstance" justifying equitable tolling as stated in *McGlone*, but this is generally only the case where the delay occurs in conjunction with some other circumstance that makes it

11

extraordinary, such as the "court's election to stay a certification motion pending a motion to dismiss").

In contrast to *Yahraes* and *Schaefer*, here, there has been no delay in this Court's decision on conditional certification as a result of any Court order or conduct by Defendants. Unlike *Schaefer*, the parties engaged neither in discovery nor Court-directed negotiations over the scope of the putative collective in this *Taylor* case, and as Plaintiffs point out in their brief, they filed their motion for conditional certification only two days after filing their Second Amended Complaint. If anything, as noted in Section III.B. *supra*, some of the delay between the motion for certification and this Court's decision may be attributable to Plaintiffs' counsel to the extent they were complicit in the judge shopping and other misconduct in *Varghese* that delayed conditional certification briefing in that related case. Accordingly, there are no rare and exceptional circumstances here that interfered with Plaintiffs' ability to pursue their claims so as to warrant equitable tolling, and Plaintiffs' request for equitable tolling should be denied.

Respectfully submitted,

Dated: New York, New York  
       April 4, 2016

MORGAN, LEWIS & BOCKIUS LLP

By: /s / Sam S. Shaulson  
Sam S. Shaulson (SS-0460)  
Thomas A. Linthorst  
101 Park Avenue  
New York, New York 10178  
Tel: 212-309-6700  
Fax: 212-309-6001  
sam.shaulson@morganlewis.com  
thomas.linthorst@morgalewis.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Equitable Tolling was served via email and first class U.S. mail, postage prepaid, on April 4, 2016, upon the following:

>Michael J. Palitz
>SHAVITZ LAW GROUP, P.A.
>830 3rd Avenue, 5th Floor
>New York, New York 10022
>
>Gregg Shavitz
>Alan L. Quiles
>SHAVITZ LAW GROUP, P.A.
>1515 South Federal Highway, Suite 404
>Boca Raton, FL  33432
>
>*Attorneys for Plaintiffs*

>/s/ *Sam S. Shaulson*
>Sam S. Shaulson